Baldwin, J.
If by agreement between the obligor an¿| assjgnee 0f a bond, the obligation is destroyed or cancelled, and a new one taken for the same debt, from the obligor, by the assignee, payable to himself, all right of action at law founded upon the original instrument, is completely lost, not only as against the obligor therein, but also as against any assignor thereof, whether immediate or remote. Nor in such a case can the original instrument be set up in equity by the assignee against his immediate or any remote assignor; for the responsibility of an assignor is conditional upon the use of due diligence, and a judicious course of proceeding, on the part of the assignee, and the latter, by such agreement and cancellation, has disabled himself from using any diligence, or adopting any proceeding, upon the original contract, from which was derived the responsibility of the assignor; and the assignor, by the abrogation of the original contract, and the creation of a new one, has been lulled into security, and prevented from adopting any measures to obtain indemnity or security from the obligor, or any assignor prior to himself, and from resorting to any collateral security which he might otherwise have made available. And the assignee having by his own voluntary act, without the concurrence of the assignor, affected the legal position of the assignor in regard to the subject, a Court of Equity will not permit the latter to be involved in a controversy upon the question, whether he has sustained actual prejudice from such intromission.
And the obligor being a party to such cancellation and substitution of a new obligation, by which the as *455 signee has lost all recourse against his immediate or any . in • . remote assignor, cannot thereafter set up any pre-existing equity against the assignee, of which the latter was then ignorant; for, if the obligor had knowledge of such equity, at the time of such cancellation and substitution, he thereby waived and renounced the same; or if he had no such knowledge, then a Court of Equity has no motive for interposing between two persons equally innocent, for the benefit of the one, and to the injury of the other.
It was therefore incumbent upon the appellee Robert Pollard, to entitle him to relief in equity, to make out a case, in which the Court should be satisfied, that at the time of the cancellation of his original obligation, and the substitution of his new one to the assignee Lumpkin, he Pollard had no knowledge of the equity now asserted by him, and moreover that Lumpkin had actual notice thereof. He has failed in both aspects. His execution of the new obligation was an admission of the justice of the debt, and thereafter he had no right to throw upon his adversary the burthen of proving that he, Pollard, had knowledge, at the time, of the equity now asserted; and the circumstances of the case furnish a strong probability that he was not ignorant of the mortgage executed by John Camm Pollard, which is made the foundation of that equity. He was the clerk of the Court in which the mortgage was recorded, and the brother of John Camm Pollard, whom he gave as security in his substituted obligation, and to whom he may have looked for its payment as a consequence of the duty of the latter to remove the incumbrance. As to Lumpkin, there is no evidence, probability, or even allegation, that he had any notice of the incumbrance, at the time of the cancellation of the old and substitution of the new obligation.
Without therefore relying upon the evidence rendering it highly probable that the appellant Washington *456 has sustained actual prejudice, in consequence of the cancellation of the original obligation, of which he was a remote assignor, by a change in the pecuniary circumstances of John Baylor Hill, the obligee aud first as-; signor, and of John Camm Pollard, the original vendor, who was bound to remove the incumbrance, I am of opinion that no equity has been shewn by Robert Pollard against Lumpkin, nor by Lumpkin against Washington.
Allen, J. concurred in the decree of this Court, which reversed the decrees of the Court below, dissolved the injunction and dismissed the bills.
Daniel, J. dissented.